## UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY
M.L. KING JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
PO BOX 1352
NEWARK, NJ 07101-1352
(973) 645-2464

**NOVALYN L. WINFIELD**
BANKRUPTCY JUDGE

May 29, 2012

Craig S. Provorny, Esq.
Herold Law
25 Independence Boulevard
Warren, NJ 07059-6747

Larry K. Lesnik, Esq.
Norris, McLaughlin & Marcus, P.A.
721 Route 202-206, Suite 200
PO Box 5933
Bridgewater, NJ 08807-5933

RE:   Turgay Adiguzelli
      Case No.:      11-25483 (NLW)
      Adv. No.:      11-2289

Dear Counsel:

The following is the court's letter opinion regarding the Motion to Compel Production of Documents brought by counsel for the Defendants. As the matter is a limited issue and counsel are familiar with the facts leading to submission *in camera* of the documents discussed below, the court merely will address the questions of (i) whether the letter from Mr. Provorny to Donald V. Biase ("Trustee") dated June 2, 2011 ("Biase Letter") is privileged, and (ii) whether the compilation of a Lexis asset search ("Asset Search") prepared by a paralegal at Mr. Provony's firm is also privileged.

A.    **Biase Letter**

The court has reviewed the contents of the Biase Letter and has determined that it contains no discussion or identification of a statute of limitations issue. The Biase Letter is simply a summary of Mr. Provorny's representation of the Estate of Ayas Adiguzelli ("Estate") and Yurdanur Adiguzelli ("Yurdanur") in litigation principally against Mehmet Adiguzelli and Turgay Adiguzelli, coupled with his suggestion that Herold Law should be retained by the Trustee.

Neither R.P.C. nor the attorney-client privilege protects the contents of the Biase Letter authored by Mr. Provorny. R.P.C. 1.18(a) provides that "[a] lawyer who has had discussions in consultation with a prospective client shall not use or reveal information acquired in consultations...." As previously indicated the letter is largely a factual recitation of the litigation that preceded the bankruptcy filing. The letter does not reveal any client communications that Mr. Provorny acquired in a confidential consultation with his clients, the Estate or Yurdanur. Nor is there anything in the letter that even suggests that the Biase Letter was prepared by Mr. Provorny at the request of the Trustee. As a result, the Biase Letter is not indicative of the beginning of an attorney-client relationship between Mr. Provorny and the Trustee. Moreover, even if the letter did commence an attorney-client relationship, the communication was from Mr. Provorny – the attorney – to the Trustee – the client – not conversely. Since the Biase Letter does not reveal any confidences relayed to Mr. Provorny by Biase, the Estate, or Yurdanur the court does not find R.P.C. 1.6 applicable.[1] The Biase Letter does not reveal any information that was acquired in confidence.

---

[1] R.P.C. 1.6 provides that "a lawyer shall not reveal information relating to representation of a client unless the client consents after consultation...."

But it does appear that portions of the Biase Letter fall within the work-product doctrine, which protects "documents and tangible things...prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3). As noted by Mr. Provorny the doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003)(citations omitted).

The party asserting work-product protection has the burden of demonstrating that the documents were prepared in anticipation of litigation. *Conoco, Inc. v. United States Dept. of Justice*, 687 F.2d 724, 730 (3d. Cir. 1982); *Montgomery Cnty v. Microvote Corp.*, 175 F.3d 296, 305 (3d. Cir. 1999). Mr. Provorny easily meets this burden because the Biase Letter was prepared by Mr. Provorny in anticipation of either litigation on behalf of the Estate or Yurdanur or litigation in conjunction with the Trustee and against the Debtors. Further, although not yet retained by the Trustee, the work-product privilege was not waived, because Mr. Provorny's then clients shared a common interest with the Trustee in pursuing litigation against the Debtors to recover funds for the benefit of creditors of the bankruptcy estate. The common interest privilege "allows attorneys representing different clients with similar legal interests to share information without having to disclose it to others." *In re Teleglobe Commc'ns, Corp.*, 493 F.3d 345, 364 (3d. Cir. 2007); *See also, LaPorta v. Gloucester Cnty Bd. of Chosen Freeholders*, 340 N.J. Super. 254, 261 (App. Div. 2001). As a result the common interest privilege applies to the portions of the letter redacted by the court as follows:

a) The third sentence of paragraph 2 on page 1;

b) The first full paragraph on page 2; and

c) The fourth and fifth full paragraphs on page 2.

Counsel for the Plaintiff's must turnover the Biase Letter after making the redactions described above.


**B.    The Asset Search**

This document is likewise covered by the work-product privilege since it was prepared by a paralegal at Mr. Provorny's direction for purposes of the then-ongoing New Jersey state court litigation.  It is plainly a compilation of information derived from another source, but is formatted in such a way as to contain notes and highlightings obviously intended for use by counsel, as well as the paralegal who prepared the document.  To the extent that counsel for the Defendants simply seeks the factual content of the Asset Search, he can undertake such a search himself.


Very truly yours,


/S/

NOVALYN L. WINFIELD
United States Bankruptcy Judge


NLW/amd